USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                                     :

RICHARD CARDO, *et al.*,                :

                                     :

                    Plaintiff,  :                1:26-cv-1965-GHW

                                     :

         -against-           :              ORDER

                                     :

APOGEE 21 HOLDINGS, INC., *et al.*,   :

                                     :

                  Defendants.  :

-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Plaintiffs commenced this action on March 10, 2026, alleging that Plaintiff Richard Cardo was misclassified as an independent contractor and undercompensated. Compl. ¶¶ 2, 3. The complaint alleges that venue is proper in this district "because the acts and/or omissions giving rise took the claims herein alleged too place in this District [sic]." *Id.* ¶ 17.

Because Plaintiff Cardo is an individual residing in Nassau County, New York, *id.* ¶ 5, Plaintiff Falcar is a corporation with headquarters in Nassau County, New York, *id.* ¶ 6, the corporate defendant, Apogee is a Delaware corporation, with principal places of business in Las Vegas, Nevada and New York, New York, *id.* ¶ 8, the individual defendants are corporate executives of the Apogee who allegedly reside in Nevada, Washington, California, and Florida, and because the events giving rise to Plaintiffs' claims arose in the Eastern District of New York and not this District, the Court issued an order to show cause as to why this case should not be transferred to Eastern District of New York on March 12, 2026. Dkt. No. 5. In that order, the Court noted that there "are no allegations in the complaint describing the occurrence of events or the residence of any defendant (aside from the allegation that one of Apogee's two principal places of business is located in this District) in the Southern District of New York." *Id.* at 1–2. The Court also noted

that "the Court is inclined to transfer this case to the Eastern District of New York pursuant to 28 U.S.C. § 1406(a)." *Id.* at 2. Finally, the order gave Plaintiffs until no later than March 19, 2026 to show cause as to why the case should not be transferred to the Eastern District of New York (or to consent to transfer). *Id.*; *see* 28 U.S.C. § 1406(a).

On March 17, 2026, Plaintiff consented to transfer this case to the Eastern District of New York. Dkt. No. 6. Accordingly, this case is hereby transferred to the Eastern District of New York.

The Clerk of Court is directed to transfer this case to Eastern District of New York without delay. Plaintiffs are directed to serve a copy of this order on Defendants and to retain proof of service.

SO ORDERED.

Dated: March 17, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge